# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RHONDA MONTOYA,

    Plaintiff,

vs.                                                               No. CIV 2011-00605 BB/WDS

ACE AMERICAN INSURANCE COMPANY,

    Defendants.

## ORDER SETTING SETTLEMENT CONFERENCE

This case has been referred to the Honorable W. Daniel Schneider, United States Magistrate Judge for a settlement conference.

This Order is to serve as formal notice that the settlement conference is hereby scheduled for **JANUARY 4, 2012, at 1:30 P.M., in Chambers 720, 7th Floor, Pete V. Domenici United States Courthouse, 333 Lomas Boulevard, N.W., Albuquerque, New Mexico.**

The following shall attend and be present in person during the entire conference: each party of record including parties represented by counsel; each counsel of record who will be trying the case; and, for each party, the person or persons with complete authority to settle the case including but not limited to insurance company representatives and guardians ad litem. An uninsured corporate party shall appear by a representative who is authorized to settle the case. This provision may be waived only by written order of the assigned judge. The Court may refuse to grant a motion to waive attendance even if all parties agree to the motion. **Each party shall contact the Judge's chambers to advise how many people will be in attendance so as to prepare for proper accommodations.** Experience teaches that settlement conferences are often unproductive unless the parties have discussed settlement before the conference and made a serious effort to settle the

case on their own.  **Accordingly,** *before arriving*  **at the settlement conference the parties are to discuss their respective position, and, at a minimum, exchange demands and offers without the involvement of the Court.**  If settlement is not achieved before the settlement conference, the parties shall be prepared to engage in further negotiation at the conference.

Each party shall provide the undersigned, in confidence, a concise ( **no longer than three (3) pages, no exhibits**) statement outlining their position at least five (5) working days before the conference.  The statements *shall outline the settlement negotiations* to date.

The purpose of the settlement conference is to facilitate settlement of this case, if that is appropriate.  It will be conducted in such a manner as not to prejudice any party in the event settlement is not reached.  To that end, all matters communicated to the undersigned in confidence will be kept confidential, and will not be disclosed to any other party, or to the trial judge.  The undersigned, of course, will not serve as the trial judge in this case.

**The requirement regarding parties' personal appearance is intended to increase the efficiency and effectiveness of the settlement conference,** by reducing the time for communication of offers and expanding the ability to explore options for settlement.

**IT IS SO ORDERED.**

 

 

_____
W. DANIEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE

**SETTLEMENT CONFERENCE PREPARATION**

Experience shows that in negotiations the party who is best prepared usually obtains the best result. Settlement conferences can be held more efficiently if all parties and counsel are prepared. The following are some areas to consider in order to aid in the effectiveness of this settlement conference.

A.     FORMAT

      1.     Parties with ultimate settlement authority **must** be personally present.

      2.     The Court will use a mediation format, and private caucusing with each side; the judge may address your client directly.

B.     ISSUES

      1.     What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of each issue. What is your most persuasive argument?

      2.     What remedies are available resulting from this litigation or otherwise?

      3.     Is there any ancillary litigation pending/planned which affects case value?

      4.     Do you have enough information to value the case? If not, how are you going to get more information before the conference?

      5.     Do attorneys fees or other expenses affect settlement? Have you communicated this to the other side?

C.     AUTHORITY

      1.     Are there outstanding liens? Have you verified amounts and whether they are negotiable? Do you need to include a representative of the lien holder? If so, contact the Court immediately.

      2.     Is there valid insurance coverage? In what amount? If coverage is at issue, or the amount/type affects settlement value, have you notified the other side? Do you need to include the representative from more than one company/carrier? If so, notify the Court immediately.

D.     NEGOTIATIONS

      1.     Where have your last discussions ended? Are you sure?

      2.     What value do you want to start with? Why? Have you discussed this with your

client?

      3.      What value do you want to end with?  Why?  Have you discussed this with your client?  Is it significantly different from values you have placed on this case at other times?

      4.      Is there confidential information which affects case value? Why can't/won't/shouldn't it be disclosed?  How can the other side be persuaded to change value if it doesn't have this information?

      5.      What happens if you don't settle the case at the conference?  What is your best alternative to a negotiated settlement?  Why?

E.    CLOSING

      1.      If settlement is reached, do you want it on the record?

      2.      Have you discussed settlement formats with your client? Does the client understand structured settlements, annuities, Rule 68 offers to compromise?

      3.      How soon could checks/closing documents be received?

      4.      If settlement is not reached, and further discovery is needed, what is your plan for continued settlement discussions?  Do you want Court involvement in these talks?

      5.      If settlement is not reached, be prepared to discuss it again at the Final Pretrial Conference.