IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

**RHONDA MONTOYA**,

        Plaintiff,

v.                                          No. CIV 11-605 BB/WDS

**ACE AMERICAN INSURANCE CO.**,

        Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff Rhonda Montoya's motion to amend her complaint [Doc. 12] and her related motion to remand this case to state court [Doc. 13]. For the reasons set forth below, these motions will be GRANTED.

### Factual and Procedural Background

Plaintiff Rhonda Montoya is a New Mexico resident. On December 18, 2009, Montoya was driving a vehicle insured by Defendant Ace Insurance, when she was struck by a vehicle driven by another New Mexico resident, Enrico Provencio [Doc. 4-1, para. 3-4]. Believing that insurance would cover the accident, Montoya submitted a claim to Ace [Doc. 3, para. 6]. Ace rejected the claim, saying that the policy did not cover other uninsured motorists [Doc. 4-1, para. 8].

Montoya claims that Ace violated New Mexico laws requiring insurance companies to clearly explain a policy's terms [Doc. 4-1]. She filed a complaint in New Mexico state court, alleging bad faith, unfair practices, and violations of the New Mexico Insurance Code [*id*.].

1

Pursuant to 28 U.S.C. § 1441, Ace promptly removed the action to federal court on the basis of diversity jurisdiction [Doc. 4]. 28 U.S.C. § 1332. Ace then filed an answer that listed Montoya's own comparative fault in causing the accident as an affirmative defense [Doc. 8 at 3]. In response, Montoya filed a motion to amend her complaint [Doc. 12]. She seeks to join her husband as a plaintiff, and the other driver, Mr. Provencio, as a non-diverse defendant [Doc. 12 at 10-14]. Montoya also filed a motion to remand the action back to state court because the parties were no longer completely diverse [Doc. 13 at 1], thus eliminating this Court's subject matter jurisdiction. 28 U.S.C. § 1332. Ace opposes both of these motions [Doc's 17, 18].

## Discussion

Montoya waited to amend her complaint until after Ace had filed its answer [Doc. 8]. Once a responsive pleading has been filed, Federal Rule 15(a) permits a party to amend her complaint "only by leave of the court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). "[L]eave shall be freely given when justice so requires." *Id.* Generally, leave should be granted absent some identifiable justification for denying it, such as bad faith. *Foman v. Davis,* 371 U.S. 178, 82 (1962). A plaintiff demonstrates bad faith by attempting to add a non-diverse party simply to defeat federal jurisdiction. *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir.1991). A party cannot presume it will be able to "force remand of an action after its removal from state court by amending the complaint to destroy the federal court's jurisdiction over the action." *Id.* Federal statutory law provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The decision is within the sound discretion of the district court. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971); *State Distributors, Inc. v. Glenmore Distilleries Co.*,

738 F.2d 405, 416 (10th Cir. 1984).  To determine whether joinder is appropriate, courts have considered a number of equitable factors, including: the plaintiff's motive for amending; the standards for necessary and permissive joinder; procedural misjoinder; judicial economy; prejudice to either party; and undue delay.  *See Foman*, 371 U.S. at 182; *McPhail v. Deere & Co.,* 529 F.3d 947, 952 (10th Cir. 2008); *Mayes v. Rapoport* 457, 462 (4th Cir. 1999); *Boon v. Allstate Ins. Co.,* 229 F. Supp. 2d 1016, 1019-20 (C.D. Cal. 2002).

The central argument in this case is whether the other driver is being joined solely to destroy diversity, thus forcing remand to state court.  Such motive is certainly a possibility in this case.  Where "a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction." *Mayes,* 198 F.3d at 463.  Here, Montoya did not seek to join the other driver until after the case was removed, and the complaint was answered.  The joinder may thus be a response to removal.  However, the joinder may also be a response to Ace's answer, in which the other driver's fault is first contested, and Montoya's own comparative fault is first alleged [Doc. 8].  Montoya seeks to join the other driver to litigate fault in causing the accident.  If joined, these claims will directly overlap with Ace's affirmative defense of comparative fault, suggesting that this joinder was motivated, at least in part, by good faith reasons.  Montoya also seeks to join her husband, who has the same citizenship as her, and no bearing on jurisdiction.  The Court therefore is not convinced that Montoya is acting entirely, or even primarily, in bad faith.

Moving past Montoya's subjective motives, the identity of issues provides objective reason to permit joinder.  Joinder would also be appropriate under the Federal Rules of Civil Procedure.  *See State Distributors, Inc.*, 738 F.2d at 416 (using Rules 19 and 20 as factors for

determining appropriate post-removal joinder under § 1447(e)).[1]  Joining the other driver would be permitted under Rule 20: the claims against him arise out of the same accident that gave rise to this insurance dispute, and Ace alleges that its liability should be limited to the degree of the other driver's [Doc. 8 at 4].  *See* Fed. R. Civ. P. 20(a) (joinder is permitted when claims against the additional defendant arise out of the same transaction or occurrence, and involve common questions of law or fact).  *See, e.g. Public Service Co. v. Black & Veatch*, 467 F.2d 1143-44 (10th Cir. 1972) (joining plaintiff's insurance companies in suit against the alleged tortfeasor); *Hickey v. Ins. Co. of North America*, 239 F. Supp. 109, 111 (D. Tenn. 1965) (joining plaintiff's insurance company in a suit against an uninsured motorist).

Similarly, Ace has by no means met the "heavy burden" of establishing procedural misjoinder.[2]  *Mayes*, 198 F.3d at 463.  Procedural misjoinder prevents joining a non-diverse defendant when "the plaintiff has no reasonable procedural basis to join such defendants in one action." E. Farish Percy, *Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine*, 29 Harv. J. L. & Pub. Pol'y 569, 572 (2006).  Procedural misjoinder applies only to "egregious" cases where the claims are "wholly distinct."  *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996); *Bleecher v. Bayer Corp.,* 779 F. Supp. 2d 846, 853 (S.D. Ill. 2011).  Such is clearly not the case here, and Ace has fallen short of the heavy burden necessary to sustain procedural misjoinder.  Notably, the Tenth Circuit has yet to definitively adopt or reject the procedural misjoinder doctrine.  *Lafalier v. State Farm Fire & Cas. Co.,* 391 Fed. Appx. 732, 739 (10th Cir. 2010).  However, the lack of procedural misjoinder can still be

---

[1] Rule 19 requires joinder of persons who are indispensable to the adjudication, and courts may not deny joinder of such parties.  However, § 1447(e) is broader than Rule 19, and permits joinder of more parties than are deemed "indispensable." *Mayes*, 198 F.3d at 462.  In such cases, courts look to Rule 20 for guidance. *State Distributors, Inc.*, 738 F.2d at 416.

considered. *See Baumeister v. Home Depot U.S.A., Inc.*, No. 10-2366, 2011 U.S. Dist. LEXIS 19113, at *7 (D. Colo. Feb. 11, 2011) (discussing procedural misjoinder as one of many factors under § 1447(e), and joining a non-diverse defendant when procedural misjoinder could not be established).

For similar reasons, judicial economy and efficiency suggest joining the other driver, Mr. Provencio, to this suit. Joining reduces the risk of parallel state and federal actions. A single trial, even if bifurcated, will impose fewer demands than two separate trials with two separate juries in state and federal court. *See Sena v. New Mexico State Police,* 892 P.2d 604 (N.M.C.A. 1995). Even when suspicious of the motives for joinder, a court must consider the "other interests at stake when such a joinder is sought, including the danger of parallel lawsuits in federal and state court, which may spawn inconsistent results and inefficient use of judicial resources." *Mayes*, 198 F.3d at 463. "The Rules themselves provide that they are to be construed to secure the 'just, speedy, and inexpensive determination of every action.'" *Foman* , 371 U.S. at 182 (quoting Fed. R. Civ. P. 1). The spirit of the rules is to allow efficient and complete determination of the merits. *Id.* Denying Mr. Provencio's joinder will act counter to this purpose, either by burdening the parties and the judiciary with parallel litigation, or by entirely dismissing potentially meritorious claims.

The overlap of issues weighs in favor of joinder for all of the above reasons, but the Court must also consider the potential prejudice to both parties. *Forman* , 371 U.S. at 182. Although Montoya argues that the other driver's absence as a party would cause her prejudice, he could nonetheless be called as a witness to testify on comparative fault. *See, e.g. Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 691 (9th Cir. 1998) (no undue prejudice when the party sought to be joined could instead testify, and could be proceeded against in state court). Such prejudice would therefore not be substantial.

For Ace, there is no prejudice in terms of being able to prepare a defense. *Cf. Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) ("[c]ourts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment"). Since Ace raised the issue of comparative fault, it will not be prejudiced by having to actually litigate it. *Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) ("[t]he inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party").

Finally, courts should consider time delays in considering proposed amendments, although "[l]ateness does not of itself justify the denial of the amendment." *Minter,* 451 F.3d at 1205 (quoting *R.E.B., Inc. v. Ralston Purina Co.,* 525 F.2d 749, 751 (10th Cir. 1975)). Delay should prevent amending if it creates "unwarranted burden" on the court and the opposing party, or if the delay is motivated by bad-faith, tactical reasons. *Minter*, 451 F.3d at 1205-06. Any delay in this case is both slight and inconsequential. The proposed joinder was filed within one month of removal, and within three weeks of Ace's answer [Doc's 8, 12]. *See Boon,* 229 F. Supp. 2d at 1022 (no unreasonable delay in filing an amended complaint less than one month after removal). Moreover, Montoya asserts the joinder is in response to Ace's allegations of comparative fault, thus she should not have been expected to join the other driver earlier. *See Minter,* 451 F.3d at 1207 (proper for a plaintiff to assert a new claim in response to the defendant's late disclosure of material evidence). This provides the explanation for Montoya's delay, and there is no evidence of other motivations that could constitute bad faith. *Id.* at 1205-06 (delayed amendments should not be permitted when purpose of delay is to make claims a moving target or to surprise opposing counsel) (internal citations omitted).

The balance of the factors weighs in favor of joining Mr. Provencio as the other driver. Because he is not diverse from Plaintiff Montoya, joinder will necessarily divest this court of its

subject matter jurisdiction. Therefore, Plaintiff's motions to amend and remand will both be granted.

Dated this 3${}^{rd}$ day of January, 2012.

_____
BRUCE D. BLACK
United States District Judge